GRIFFIN v MICHIGAN CIVIL SERVICE COMMISSION

Docket Nos. 70887, 72185. Submitted January 10, 1984, at Lansing.—
Decided May 1, 1984. Leave to appeal applied for.

William Griffin sought reclassification to a higher civil service
ranking. A civil service hearing officer determined that Griffin
met the qualifications for the higher ranking and that the Civil
Service Commission's reason for not reclassifying Griffin was
not valid. Reclassification at the higher level was ordered. The
Civil Service Commission appealed to the commission's Employ-
ment Relations Board, which reversed the hearing officer's
decision. The Department of Civil Service entered an order in
accord with the board's decision. Griffin sought review in the
Ingham Circuit Court, which reversed and ordered the reclassi-
fication. The Civil Service Commission filed a motion for re-
hearing and to remand the matter to the Employment Rela-
tions Board. The motion was denied, James T. Kallman, J., and
a final order was entered five months later. This order is the
subject of the appeal by the commission in No. 72185. During
the five-month period following the denial of the commission's
motion, and despite that denial, the commission requested the
board to reopen the matter. The board requested Griffin to
reply and address the question of the board's jurisdiction to
reopen the case. Instead, Griffin brought an action for superin-
tending control in Ingham Circuit Court. The court granted
superintending control, James T. Kallman, J. This order is the
subject of the appeal by the commission in No. 70887. The
appeals were consolidated by the Court of Appeals. The com-
mission alleges that the circuit court was obligated to remand
for further proceedings to resolve issues raised before the
Employment Relations Board but not resolved by it. *Held:*

1. The circuit court had the authority to rehear a matter in
which it had entered a judgment sitting as a court of review.
The defendant's motion for such a rehearing was timely.

2. The circuit court is not unfettered in its discretion to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 978 *et seq.*
[2] 2 Am Jur 2d, Administrative Law §§ 759-762.
[3] 5 Am Jur 2d, Appeal and Error § 974.

choose a disposition of a case on appeal from an administrative agency decision, but if the court has chosen among appropriate remedies in the case before it, it has properly exercised its discretion.

3. The circuit court's order reinstating the hearing officer's decision to reclassify the plaintiff was not an appropriate disposition. The record revealed that material issues remained unresolved by the board. The matter should have been remanded to the board for resolutions of those issues.

The judgment in No. 72185 is reversed and the matter remanded to the Employment Relations Board. The judgment in No. 70887 is vacated.

1. COURTS — CIRCUIT COURTS — REHEARING — APPEAL.

A circuit court has the power to rehear, upon timely motion having been made, a matter in which it has entered a judgment sitting as a court of review in an appeal from an administrative agency (GCR 1963, 527.5).

2. COURTS — CIRCUIT COURTS — ADMINISTRATIVE LAW — REMEDIES.

The statute which provides that a circuit court, as appropriate, may affirm, reverse or modify the decision or order of an administrative agency or remand the case for further proceedings does not grant the court unfettered discretion in its choice of disposition of a case, but the restrictions are not stringent and if a circuit court has selected among remedies appropriate in the case it has properly exercised its discretion (MCL 24.306[2]; MSA 3.560[206][2]).

3. COURTS — APPEAL — UNRESOLVED ISSUES.

A reviewing court, if it reverses a case in which material issues remain unresolved by the lower tribunal, may remand the case for a resolution of those material issues raised in, but not resolved by, the lower tribunal, except where the record is developed well enough for the reviewing court to reach a conclusion on the unresolved question.

William L. Griffin, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Hodge* and *L. Kim Hoagland,* Assistants Attorney General, for defendant.

Before: ALLEN,. P.J., and HOOD and W. S. WHITE,* JJ.

PER CURIAM. Defendant appeals as of right from two separate orders entered in the Ingham County Circuit Court in this protracted action over plaintiff's appropriate civil service classification. In Docket No. 72185 defendant appeals from an order of the circuit court belatedly entered on June 7, 1983. This order denied defendant's motion for a rehearing or to remand this case to the Michigan Civil Service Commission's Employment Relations Board (ERB) for a decision on other issues raised before, but not resolved by, the ERB which might affect plaintiff's right to be reclassified. In Docket No. 70887, defendant appeals from an order of superintending control entered on April 14, 1983, which ordered plaintiff's immediate reclassification from Administrative Law Examiner V to Administrative Law Examiner VI, back pay with interest, and prohibited the ERB from "rehearing, reopening, and reconsidering" the classification matter. By order of this Court of November 30, 1983, the appeals in Docket Nos. 70887 and 72185 were consolidated.

The following factual statement gives the background pertinent to both appeals.

In April, 1981, plaintiff sought a hearing on whether he should be reclassified to a higher civil service ranking, i.e., from Administrative Law Examiner V to Administrative Law Examiner VI. This reclassification was sought in part because plaintiff allegedly had supervisory responsibilities over two other employees, Donald Kane and Lily Gee.

A hearing was conducted in July, 1981, before a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

civil service hearing officer. Defendant argued, *inter alia,* that even if plaintiff met the job specifications for reclassification to the next higher level, he could not be reclassified because this would put him at his supervisor's civil service ranking. In August, 1981, the hearing officer ruled in plaintiff's favor. The hearing officer determined that plaintiff met the specifications for reclassification to the next higher level and that the "organizational blockage" issue raised by defendant was not a valid ground on which to deny the reclassification. The hearing officer ordered retroactive reinstatement of plaintiff to the next higher level.

Defendant took an appeal to the ERB in November, 1981. The ERB reversed the hearing officer, relying on the "organizational blockage" theory rejected by the hearing officer. On March 4, 1982, a final order was entered by the Michigan Department of Civil Service in accord with the ERB decision.

On April 28, 1982, plaintiff filed a petition for review in the circuit court pursuant to GCR 1963, 706.3, citing the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* as the authority permitting such review. On November 18, 1982, the circuit court reversed the ERB ruling and ordered plaintiff's retroactive reinstatement to the classification of Administrative Law Examiner VI.

On December 3, 1982, defendant filed a motion for rehearing and to remand the matter to the ERB. This motion alleged that the ERB had not yet reviewed whether plaintiff actually supervised Gee and Kane, that other issues independent of the "organizational blockage" controversy had not been resolved, and that one of these issues might preclude plaintiff's reclassification. This motion

was orally denied on January 26, 1983. After the court orally denied the motion for rehearing, neither party took steps to prepare an order for execution by the circuit court judge. Defendant ultimately did prepare an order denying the motion for rehearing which was entered on June 7, 1983. The apparent reason defendant finally prepared an order was so that it could then claim an appeal from the results of the January hearing. This order is on appeal in Docket No. 72185.

Despite the fact that the circuit court had denied defendant's request to reconsider its earlier ruling or to remand the matter to the ERB, on March 17, 1983, the Assistant Attorney General representing defendant asked the ERB to reopen this reclassification matter and, specifically, to consider whether plaintiff supervised Kane and Gee. The ERB, on March 22, 1983, ordered plaintiff to reply. This letter specifically asked plaintiff to address himself to the ERB's jurisdiction to reopen the case. Apparently, plaintiff did not respond to the ERB's request but, rather, instituted the action for superintending control on April 4, 1983. On April 14, 1983, the circuit court entered plaintiff's proposed order of superintending control, and the appeal in Docket No. 70887 concerns this order.[1]

---

[1] We cannot condone either party's actions in respect to what happened after the circuit court orally denied defendant's motion for a remand or a rehearing. Despite the court's ruling, defendant defied the circuit court by asking the ERB to reopen the case, justifying this request on the basis that plaintiff, having prevailed in the circuit court, was obligated to prepare an order denying the rehearing. In fact, GCR 1963, 522.1, which governs the entrance of judgments and orders, does not obligate the prevailing party to prepare the judgment or order, although this is the customary practice. The rule clearly contemplates some cooperation between the parties in the preparation of the order and does mandate that it be prepared within 10 days of the judge's decision. This is a joint obligation of the parties which was ignored by both parties in this case. As a result of the parties' unwillingness to abide by the rules, what should have resulted in one

At some point, defendant filed a motion to stay the order of superintending control in this Court. By order dated May 9, 1983, this Court granted the motion.

Because we reverse the circuit court's order in Docket No. 72185 and remand to the ERB for the reasons set forth below, we do not address the various issues raised by defendant in Docket No. 70887 which concern the propriety of entering, and the validity of, the order of superintending control.

At the hearing before the circuit court on the motion to reconsider its earlier judgment or for remand to the ERB, defendant argued that the circuit court's decision to reverse the ERB and the Michigan Civil Service Commission on the issue relied upon by these bodies to deny plaintiff his requested reclassification was not dispositive of the merits of the case as other issues affecting plaintiff's right to be reclassified had not yet been resolved. The court apparently took defendant's motion as a request that it (the court) review other issues not reached by the ERB and refused to grant defendant any relief. When the attorney representing defendant attempted to explain that what he was asking for was a remand to the ERB, not review by the circuit court, the court displayed some irritation and refused to entertain further arguments.

On appeal, defendant argues that, on the facts of this case, the circuit court was obligated to remand for further proceedings as this was the only appropriate disposition of the case since issues raised before the ERB remained unresolved. Plain-

simple appeal developed into a tangled procedural morass, causing an unnecessary flurry of documents directed to the ERB, the circuit court, and this Court, and the needless waste of tax monies in attempting to sort out this case.

tiff responds that the lower court lost its power to remand after it entered its order of November 18, 1982, which reversed the decisions of the ERB and Civil Service Commission and ordered his reclassification, and, in any case, that the circuit court had authority to remand or not as it chose. The central issue and the attendant questions raised in this appeal have not heretofore been addressed by the Michigan appellate courts.

We first address whether, as plaintiff contends, the circuit court's initial disposition of this case, reversal of the decisions of the ERB and Civil Service Commission and reinstatement of the hearing officer's determination that plaintiff be reclassified, divested the circuit court of authority to modify that judgment upon defendant's motion. The General Court Rules contain no provision specifically providing for rehearings in cases in which the circuit court acts as a reviewing court. However, GCR 1963, 527.5 provides that a motion to alter or amend a judgment shall be served within 20 days after the entry of the judgment. This provision is broad enough to give a circuit court power to entertain rehearings of matters in which it has entered judgments as a court of review. To hold that a circuit court is completely without authority to reconsider judgments it rendered in an appellate capacity would result in cases where, in retrospect, the circuit court believed that its original judgment was wrong but that it could not rectify the situation because it possessed no authority to rehear the matter.

In the instant case, a proof of service in the lower court file shows that plaintiff was served with a motion to amend judgment, to permit remand, and for rehearing on December 4, 1983, and that this motion was filed with the circuit court on

December 6, 1983. Defendant clearly complied with the provisions of GCR 1963, 527.5 by filing its motion within 20 days of November 18, 1982, the date on which the circuit court originally entered its order requiring plaintiff's reclassification.

Circuit court review was invoked in this case by plaintiff pursuant to the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101), *et seq.* Section 106(2) of this act, MCL 24.306(2); MSA 3.560(206)(2), provides: "The court, *as appropriate,* may affirm, reverse or modify the decision or order or remand the case for further proceedings." (Emphasis added.) We next address whether this provision imposes any limits on the discretion of the circuit court to select a disposition of an administrative matter from those mentioned in the rule. We conclude that the Legislature's use of the term "as appropriate" imposes some limits on the court's discretion to dispose of a case. Had the Legislature intended the courts to have unfettered discretion in this regard, the term "as appropriate" would be meaningless, and a statute is to be construed to give effect to all of the language used therein if this is possible. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956); *Deshler v Grigg,* 90 Mich App 49, 53-54; 282 NW2d 237 (1979), *lv den* 407 Mich 875 (1979). Our construction of the term "as appropriate" in MCL 24.306(2); MSA 3.560(206)(2) does not impose stringent restrictions on the court's discretion to dispose of a case. In many cases, different remedies may be apropriate, and, if the lower court has selected among appropriate remedies, it has properly exercised its discretion.

We finally turn to whether the circuit court's order reversing the ERB and Civil Service Commission and reinstating the hearing officer's deci-

sion to reclassify plaintiff was "appropriate". We hold that it was not. A review of the administrative record reveals that defendant asserted before the ERB that several errors had been committed by the hearing officer. However, the ERB, in finding in favor of defendant on the issue of "organizational blockage", did not address the other allegations made by defendant. From a review of the administrative record, it should have been evident to the circuit court that other issues unresolved by the ERB might well have affected plaintiff's right to his requested reclassification. While it is true that defendant did not initially request a remand in the event that plaintiff prevailed on the issue of "organizational blockage", we deem this to be of no import. Standard principles of appellate review mandate that where material issues remain unresolved by the lower tribunal, the court of review, if it reverses, may remand the case for a resolution of those material issues raised in, but not resolved by, the lower tribunal.[2] Therefore, we remand this matter to the ERB to resolve any issues raised before it by defendant which were not resolved when the ERB found for defendant on the issue of "organizational blockage".

To ensure against further piecemeal resolution of this litigation, we order the ERB to require any necessary briefing by the parties, hold a hearing, and address all outstanding issues in this case

[2] This general principle is subject to exception where, for instance, although the lower tribunal did not actually reach an issue raised before it, the record is well enough developed for the court of review to reach a conclusion on the unresolved question. This is appropriate where the unresolved issue is purely one of law or where the lower tribunal has sufficiently fulfilled its factfinding function to permit the court of review to reach a determination on the unresolved issue. In this case, the circuit court specifically declined to undertake its own review of the unresolved issues, and our review of the administrative record reveals that this would not have been an appropriate case for the circuit court to conduct such a review.

within 60 days of the date of this opinion's release. The Civil Service Commission shall have 30 additional days after the ERB renders its judgment to enter a final administrative order in this case. The circuit court shall have full powers to impose sanctions to ensure that the parties, the ERB, and the Civil Service Commission comply with the time limits set forth in this opinion. If, following the decision of the ERB and the Civil Service Commission, either party deems itself aggrieved, that party may proceed with a new petition for circuit court review pursuant to GCR 1963, 706.3.

The judgment in Docket No. 72185 is reversed and remanded to the ERB for proceedings consistent with this opinion. The judgment in Docket No. 70887 is vacated for the reason that our resolution of Docket No. 72185 renders the issues raised in Docket No. 70887 moot. We do not retain jurisdiction. No costs, a public question.