VILLAGE OF PECK v HOIST

Docket No. 88100. Submitted June 3, 1986, at Grand Rapids. Decided August 4, 1986.

Plaintiff, the Village of Peck, passed an ordinance requiring owners of buildings and dwellings within the village to use a recently constructed public sewer system. Defendants, Lloyd Hoist and Joyce Hoist, residents of the village, refused to comply with the ordinance and connect their dwelling to the sewer system. Plaintiff thereafter filed a complaint in the Sanilac Circuit Court requesting an order to show cause. The trial court, Allen E. Keyes, J., entered an order requiring the defendants to comply with the ordinance. Defendants appeal. *Held:*

1. Section 9 of the Farmland and Open Space Preservation Act does not exempt defendants from complying with the village ordinance. Section 9 should be construed as exempting only the undeveloped property for which a development rights agreement or easement has been recorded prior to the imposition of a listed special assessment.

2. The Michigan Right to Farm Act does not exempt defendants from complying with the ordinance. Compliance with plaintiff's request has been declared as a matter of legislative determination as a matter for the protection of the public health, safety, and welfare and necessary in the public interest. Because the Michigan Right to Farm Act does not affect the application of state and federal statutes, it is not a defense to this action.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary rule in interpreting a statute is to ascertain and

REFERENCES

Am Jur 2d, Conflict of Laws §§ 1 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 569-574.

Am Jur 2d, Special or Local Assessments §§ 24-32, 43-51.

Am Jur 2d, Statutes §§ 142 *et seq.*

See the annotations in the Index to Annotations under Conflict of Laws; Health; Sewers; Special Assessments.

give effect to the intent of the Legislature; ambiguous language must be construed to give effect to such intent; a statute must be construed in light of the general purpose sought to be accomplished by the Legislature.

2. Taxation — Farmland and Open Space Preservation Act — Special Assessments.

The Farmland and Open Space Preservation Act exempts from the imposition of special assessments for sewers, water, lights or nonfarm drainage only the undeveloped property of a land-owner for which a development rights agreement or easement has been recorded prior to the imposition of a listed special assessment (MCL 554.709; MSA 26.1287[9]).

3. Health — Sanitary Sewer Systems.

Connection to available public sanitary sewer systems has been declared by the Legislature as a matter for the protection of the public health, safety, and welfare and necessary in the public interest (MCL 333.12752; MSA 14.15[12752]).

4. Conflict of Laws — Michigan Right to Farm Act.

The Michigan Right to Farm Act does not affect the application of state and federal statutes (MCL 286.474; MSA 12.122[4]).

*J. Anthony Sykora,* for plaintiff.

*Paterson & Paterson* (by *John S. Paterson*), for defendants.

Before: Sullivan, P.J., and R. M. Maher and M. G. Harrison,* JJ.

Sullivan, P.J. Defendants, Lloyd and Joyce Hoist, husband and wife, are residents of plaintiff, Village of Peck, an agricultural community in Sanilac County. Pursuant to federal and state directives, the village passed an ordinance in June, 1982, requiring owners of buildings and dwellings within the village to use a recently constructed public sewer system. Defendants refused to comply with the ordinance, prompting plaintiff to file a complaint requesting an order to show cause. On

* Circuit judge, sitting on the Court of Appeals by assignment.

October 10, 1985, the trial court entered an order requiring defendants to comply with the ordinance. Defendants appeal as of right, raising two issues.

Defendants' first contention is that § 9 of the Farmland and Open Space Preservation Act, MCL 554.709; MSA 26.1287(9), exempts them from any special assessment for or requirement to connect their dwelling to the sewer system. This statute reads in pertinent part:

> A city, village, township, county, or other governmental agency may not impose special assessments for sanitary sewers, water, lights, or nonfarm drainage on land for which a development rights agreement or easement has been recorded except as to a dwelling or a nonfarm structure located on the land unless the assessments were imposed prior to the recording of the development rights agreement or easement. [MCL 554.709; MSA 26.1287(9).]

Defendants interpret this act as forbidding a special assessment on dwellings and nonfarm structures if the underlying property was subject to a development rights agreement or easement recorded prior to the imposition of the assessment. Because defendants recorded their agreement prior to the assessment, they claim that both their land and dwelling are exempt under the statute from any assessment for the sewer system. We disagree.

The primary rule in interpreting a statute is to ascertain and give effect to the legislative intent. *Farrell v Auto Club of Michigan,* 148 Mich App 165, 169; 383 NW2d 623 (1986). Ambiguous language in a statute must be construed to give effect to the Legislature's intent. The statute must be construed in light of the general purpose sought to

be accomplished by the Legislature. *In the Matter of Kreft,* 148 Mich App 682, 688; 384 NW2d 843 (1986).

The Farmland and Open Space Preservation Act was enacted as a result of a concern over the decrease in the amount of undeveloped land used for farming operations due to high taxes and low profit margins. Prior to the enactment, farmlands were subject to the general property tax, under which their tax liability was based on a percentage of the market value of the property, including an assessment on all buildings and improvements, regardless of the use of the land. The act provides a tax incentive to owners of farmland by lowering the tax rate on the value of their undeveloped land, while continuing to assess the value of improvements in accordance with the general property tax.

To be eligible for this preferred tax treatment, the act requires owners of farmland to apply with the state for a farmland development rights agreement. Under this agreement, development of the land would be limited only to those structures and improvements needed for farm operations.

As part of this preferred tax treatment, the rural landowner is generally exempt by the quoted statute from the imposition of special assessments for sewers, water, lights or nonfarm drainage, except for a dwelling or nonfarm structure located on the land. However, this exemption is applicable "unless the assessments were imposed prior to the recording of the development rights agreement." MCL 554.709; MSA 26.1287(9).

Defendants' interpretation of the act is therefore inconsistent with the underlying legislative intent. Dwellings and nonfarm structures on farmland were never accorded favorable tax treatment and

are still assessed in accordance with the general property tax because they are not integral parts of the farming operation. Indeed, because the Legislature did not intend to extend favorable treatment to such improvements, § 9 of the act should be construed as exempting only the undeveloped property for which a development rights agreement or easement has been recorded prior to the imposition of a listed special assessment.

Thus, the statute does not exempt defendants from complying with the local ordinance to use the public sewer system and to pay the assessment.

Defendants' other argument is that the Michigan Right to Farm Act also exempts them from complying with the ordinance. This act prohibits nuisance litigation against a farm or farm operation that conforms to generally accepted agricultural and management practices. MCL 286.473(1); MSA 12.122(3)(1).

In the instant case, plaintiff does not characterize defendants' farm as a nuisance, but merely requests that they connect their dwelling to the public sewer system. This cause of action was filed to enforce a village ordinance, and compliance with plaintiff's request has been declared as a matter of legislative determination as "a matter for the protection of the public health, safety, and welfare and necessary in the public interest," MCL 333.12752; MSA 14.15(12752). Because the Michigan Right to Farm Act does not "affect the application of state and federal statutes," MCL 286.474; MSA 12.122(4), it is not a defense to this action.

Affirmed.