NORTHVILLE TOWNSHIP v COYNE

Docket No. 95470. Submitted January 21, 1988, at Detroit. Decided
August 1, 1988.

Northville Township brought an action in the Wayne Circuit
Court against Patrick A. Coyne and the Pierson Memorial
Trust to declare a barn situated on Pierson's property to be a
nuisance in fact for being in violation of the zoning ordinances
or to have it razed as being in violation of the building permit
ordinances. The court, John H. Gillis, Jr., J., granted summary
disposition for plaintiff requiring the removal of the barn for
being a nuisance per se because it was violative of applicable
zoning and building ordinances. Pierson Memorial Trust ap-
pealed.

The Court of Appeals *held:*

The Right to Farm Act provides for circumstances under
which a farm and its operation shall not be found to be a public
or private nuisance and is a valid defense to a suit alleging that
a farm building is a nuisance per se because it violates a zoning
ordinance.

Reversed and remanded with instructions.

ZONING — NUISANCE — AGRICULTURE — RIGHT TO FARM ACT.

The Right to Farm Act provides for circumstances under which a
farm and its operation shall not be found to be a public or
private nuisance and is a valid defense to a suit alleging that a
farm building is a nuisance per se because it violates a zoning
ordinance (MCL 268.471 *et seq.*; MSA 12.122[1] *et seq.*).

*Kerr, Russell & Weber* (by *Robert R. Florka* and
*Robert J. Pineau*), for plaintiff.

*James E. Conrad,* for Pierson Memorial Trust.

REFERENCES

Am Jur 2d, Zoning and Planning § 146.

Construction and application of terms "agricultural," "farm,"
"farming," or the like, in zoning regulations.

Before: HOLBROOK, JR., P.J., and HOOD and N. J.
KAUFMAN,* JJ.

N. J. KAUFMAN, J. Pierson Memorial Trust ap-
peals as of right from an order of the Wayne
Circuit Court denying its motion for summary
disposition, granting plaintiff's motion for sum-
mary disposition and requiring the removal of a
barn erected on its property because the structure
constitutes a nuisance per se, its construction be-
ing in violation of plaintiff's zoning and building
ordinances. We reverse and remand.

Pierson owns a parcel of farmland situated in
plaintiff township. The land had been used for the
commercial production of agricultural products
since at least the early 1970s. This use conforms
with the plaintiff's zoning of the property.

In September, 1984, Patrick Coyne, who resides
on and manages the farm for Pierson, erected a
barn on the premises without first securing a
building permit from the township. After construc-
tion had been completed, plaintiff notified Coyne
that he needed to file applications for a building
permit and for a zoning variance. Coyne's applica-
tions for same were denied by plaintiff on March
14, 1985.

Thereafter, plaintiff notified Coyne that, because
he had failed to secure the requested permit, the
barn would have to be razed by May 6, 1985.
When Coyne refused to do so, plaintiff sought and
obtained an order of demolition from the Wayne
Circuit Court.

In support of the trial court's action, plaintiff
argues that Pierson's barn is a nuisance per se
because it was an "accessory" building which had
been built without a permit and in the front yard

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

of Pierson's property in violation of § 111.1 of the BOCA Basic National Building Code of 1984 (BOCA) and in violation of Township Zoning Ordinance 15.11. Pierson admits that the barn was built without a permit but argues that the barn was exempt from compliance with plaintiff's zoning and building ordinances under the Michigan Right to Farm Act, MCL 286.471 *et seq.*; MSA 12.122(1) *et seq.*

The Michigan Right to Farm Act was enacted by our Legislature in 1981 to provide for circumstances under which a farm and its operation shall not be found to be a public or private nuisance. In furtherance of this purpose, this act prohibits nuisance litigation against a farm or farm operation that conforms to generally accepted agricultural and management practices. MCL 286.473(1); MSA 12.122(3)(1); *Village of Peck v Hoist,* 153 Mich App 787, 791; 396 NW2d 536 (1986). A farm is defined as the land, buildings and machinery used in the commercial production of farm products. MCL 286.472(1); MSA 12.122(2)(1).

The primary rule of statutory interpretation is to ascertain and give effect to the legislative intent. *Farrell v Auto Club of Michigan,* 148 Mich App 165, 169; 383 NW2d 623 (1986). The language of the statute is the best source for ascertaining this intent. *Great Lakes Steel Division of National Steel Corp v Public Service Comm,* 143 Mich App 761; 373 NW2d 212 (1985), lv den 424 Mich 854 (1985). From the language chosen by the act's drafters, we ascertain that the Legislature was concerned with the regulation of land use and its impact upon farming operations. This concern was directed towards regulations imposed upon farms by local government sources as well as private sources. MCL 286.474; MSA 12.122(4). The Legislature undoubtedly realized that, as residential and

commercial development expands outward from our state's urban centers and into our agricultural communities, farming operations are often threatened by local zoning ordinances and irate neighbors. It, therefore, enacted the Right to Farm Act to protect farmers from the threat of extinction caused by nuisance suits arising out of alleged violations of local zoning ordinances and other local land use regulations as well as from the threat of private nuisance suits.

In the instant case, Coyne erected a barn on Pierson's property. This barn serves as a storage site for farm machinery and implements, seeds, supplies and some produce. Its construction and use appears to conform to generally accepted agricultural and management practices. Accordingly, we conclude that Michigan's Right to Farm Act is a valid defense to plaintiff's nuisance suit that arises out of an alleged violation of its zoning ordinance 15.11. The trial court erred in concluding otherwise.

We need not reach the questions whether the Right to Farm Act constitutes a valid defense to a nuisance suit arising out of a violation of the township building code, whether a barn is a building or structure within the meaning of the BOCA, and whether the barn is located in Pierson's front or back yard. The trial court did not reach these material issues. Accordingly, because we conclude that the trial court committed error warranting reversal when it found that Pierson's barn was constructed in violation of defendant's zoning ordinance, we choose to remand the case for a resolution of these material issues raised in, but not resolved by, the trial court. *Griffin v Michigan Civil Service Comm,* 134 Mich App 413, 421; 351 NW2d 310 (1984), lv den 422 Mich 853 (1985).

On remand, should the trial court conclude that

Pierson's barn was constructed in violation of the BOCA building permit requirement, we believe the appropriate remedy to be the imposition of a fine or imprisonment or both but not the demolition of the barn as a nuisance per se. The BOCA penalty section is preempted by the mandatory provision of the State Construction Code that provides penalties for permit violations. See MCL 125.1523(1)(b); MSA 5.2949(23)(1)(b), made mandatory by MCL 125.1508; MSA 5.2949(8). Under the State Construction Code, the violation of a building permit requirement is punishable by fine of not more than $500 or imprisonment of not more than ninety days or both.

Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.