STEFFENS v KEELER

Docket No. 137697. Submitted December 9, 1992, at Lansing. Decided March 24, 1993; approved for publication June 17, 1993, at 9:00 A.M.

Richard Steffens and Mary C. Ryan-Steffens brought an action in the Livingston Circuit Court against David and Rebecca Keeler, seeking injunctive relief from an alleged private nuisance caused by the defendants' operation of a pig farm in an area zoned agricultural and residential. The court, Stanley J. Latreille, J., granted summary disposition for the plaintiffs, rejecting the defendants' contention that the nuisance claim was barred by § 3 of the Right to Farm Act, MCL 286.473; MSA 12.122(3). The defendants appealed.

The Court of Appeals *held:*

1. MCL 286.473(1); MSA 12.122(3)(1) provides that a farm or farm operation may not be found to be a public or private nuisance if, like the pig farm in this case, it conforms to generally accepted agricultural and management practices according to policy as determined by the State Agricultural Commission.

2. The defendants also are protected by MCL 286.473(2); MSA 12.122(3)(2), which provides that a farm or farm operation may not be found to be a public or private nuisance if it existed before a change in land use or occupancy of land within one mile of the boundaries of the farm land, and if before that change in land use or occupancy of land, the farm or farm operation would not have been a nuisance.

Reversed and remanded for entry of summary disposition for the defendants.

MICHAEL J. KELLY, J., dissenting, stated that the existence of a nuisance in fact is a question of fact and that, in the absence of a stipulation regarding the existence of a nuisance in this case, the question should be decided in a trial rather than by a motion for summary disposition.

*Lavan & Hegarty* (by *Steven M. Dodge*), for the plaintiffs.

*Miller, Johnson, Snell & Cummiskey* (by *David J. Haywood*), for the defendants.

Before: Michael J. Kelly, P.J., and Fitzgerald and Taylor, JJ.

Per Curiam. Defendants appeal as of right the order granting plaintiffs' motion for summary disposition pursuant to MCR 2.116(C)(9) and (10) and denying defendants' motion for summary disposition. Defendants claim that the trial court erred in finding that § 3 of the Right to Farm Act (RTFA), MCL 286.473; MSA 12.122(3), did not preclude plaintiffs' private nuisance claim and in finding that defendants' pig farm constituted a nuisance in fact.

Plaintiffs moved into their house on February 7, 1985. At that time there was a vacant dairy barn and a house on the property across the street from their home. Defendants moved into that house in the spring of 1987 and began purchasing pigs approximately five months later.

Land in the area, including plaintiffs' and defendants' land, is zoned agricultural/residential. East of plaintiffs' home are four residential homes, one horse farm, and agricultural land. North of plaintiffs' property is a 246-acre dairy farm. The property west of plaintiffs' home is a mixture of agricultural, residential, and wetlands.

Following an evidentiary hearing at which plaintiffs were the only ones to present their case, the trial court granted their motion for summary disposition and denied defendants' motion, finding that § 3(1) of the RTFA, MCL 286.473(1); MSA 12.122(3)(1), did not protect defendants from plaintiffs' private nuisance claim, that the land had become predominantly residential, and that defendants' farm operation constituted a nuisance.

Section 3(1) of the RTFA provides:

A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation alleged to be a nuisance conforms to generally accepted agricultural and management practices according to policy as determined by the state agricultural commission. Generally accepted agricultural and management practices shall be reviewed annually by the state agricultural commission and revised as considered necessary.

The RTFA prohibits nuisance litigation against a farm or farm operation that conforms to generally accepted agricultural and management practices. *Northville Twp v Coyne,* 170 Mich App 446, 448; 429 NW2d 185 (1988); *Village of Peck v Hoist,* 153 Mich App 787, 791; 396 NW2d 536 (1986). After an inspection of defendants' farm was conducted by Department of Agriculture employees Jon Lauer, Jeffrey Friedle, and Christine Lietzau on July 14, 1989, defendants were notified that their farm operation was not in compliance with generally accepted and recommended livestock waste management practices. The notice stated defendants could comply with, and be protected by, the RTFA if they developed and implemented a waste utilization plan by May 30, 1990. The plan was developed and approved on July 16, 1990.[1] Lietzau found the plan to be acceptable to the Department of Agriculture, and indicated that defendants' use of the plan's manure management methods rendered defendants' farm operation in compliance with the voluntary right to farm guidelines. In light of this evidence, the trial court clearly erred in determining that Lietzau opined that defendants' operation did not comply with accepted practice.

[1] Compliance was delayed because of backlogs and delays in technical assistance with the documentation of the plan.

Defendants also claim that the trial court erred in determining that they were not protected by § 3(2) of the RTFA because plaintiffs relied on the residential use of the land that was previously farmed. Section 3(2) provides:

A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation existed before a change in the land use or occupancy of land within 1 mile of the boundaries of the farm land, and if before that change in land use or occupancy of land, the farm or farm operation would not have been a nuisance. [MCL 286.473(2); MSA 12.122(3)(2).]

There is no dispute that defendants moved onto their property after plaintiffs purchased their property across the street. However, the change in land use that is relevant here is that which occurred within one mile of the property in question before defendants' use of their land as a pig farm. Thus, it is irrelevant that plaintiffs moved into their house first. The facts presented at trial demonstrate that, while there is some residential development, the surrounding land is predominantly agricultural. Further, a dairy farm with sixty head of cattle is adjacent to defendants' property. The proofs do not demonstrate that the land use within one mile of defendants' property has changed to residential. Therefore, insufficient evidence was presented to deny defendants protection under § 3(2).

Lastly, defendants argue that the trial court erred in making factual findings regarding the existence of a nuisance. Because we have concluded that defendants are immune from a nui-

sance suit under the RTFA, we need not address this issue.[2]

Reversed and remanded to the trial court for entry of an order granting summary disposition for defendants.

MICHAEL J. KELLY, P.J. *(dissenting)*. The parties disagree with regard to whether the trial court improperly required that the case be decided on motions for summary disposition rather than permitting the parties, particularly the defendants, to submit proofs with regard to the nuisance issue. I do not think we have enough of a record to decide that the defendants' pig farm is not a nuisance in fact. I would reverse and remand for trial of that issue. Giving the benefit of all reasonable doubt to the nonmovant, this Court should only determine whether a record might be developed that leaves open an issue upon which reasonable minds could differ. *Farm Bureau Mut Ins Co v Starck,* 437 Mich 175, 184-185; 468 NW2d 498 (1991). The existence of a nuisance in fact is a question of fact. *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), overruled on other grounds *Li v Feldt (After Remand),* 434 Mich 584; 456 NW2d 55 (1990). The record in this case does not contain a stipulation by the parties to allow the trial court to decide the case on dispositive motions. There is no stipulation of facts. I believe it is a justiciable issue whether defendants' operation of a pig farm in an agricultural area, where the only animal for thirty years was a pet pony, constituted a nuisance.

I would remand for trial on this issue.

---

[2] We note, however, that the existence of a nuisance in fact is a question of fact. *Rosario v Lansing,* 403 Mich 124, 133; 268 NW2d 230 (1978), overruled on other grounds *Li v Feldt (After Remand),* 434 Mich 584; 456 NW2d 55 (1990); *Orion Charter Twp v Burnac Corp,* 171 Mich App 450, 459-460; 431 NW2d 225 (1988).