NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0213n.06
Filed: April 23, 2008

No. 07-1376

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AMOS BEECHY; ALVIN SLABAUGH; DANIEL MAST; JOHN MAST; AMOS WEAVER, and ALL SIMILARLY SITUATED AMISH PERSONS, | ) ) ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| CENTRAL MICHIGAN DISTRICT HEALTH DEPARTMENT; CENTRAL MICHIGAN DISTRICT BOARD OF APPEALS; MARY KUSHION, Executive Director; MICHELLE PATTON, Supervisor; ROBERT W. PATTON, Inspector, | ) ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: KEITH, DAUGHTREY, and GIBBONS, Circuit Judges.

GIBBONS, Circuit Judge. In this Free Exercise Clause and Religious Land Use and Institutionalized Persons Act case, Amish landowners challenge the Central Michigan District Health Department's ("CMDHD") requirement that they install larger septic tanks to replace existing, allegedly inadequate systems. They argue the new tanks would incur wasteful expenses and tempt them to install modern conveniences, such as bathrooms.

Amos Weaver's story typifies that of the other plaintiffs. Weaver applied for a septic system evaluation for a proposed building extension that would yield a five-bedroom home. The CMDHD official who visited found that Weaver's existing tank did not meet the needs for such a large house and accordingly conditioned approval for the building permit upon Weaver's installation of a 750-gallon septic tank. Weaver built the home addition and moved in, but did not modify the septic tank. Other homeowners joined Weaver in resisting the septic-tank-capacity requirements; these objectors eventually included Amos Beechy, Alvin Slabaugh, Daniel Mast, Enos Bontrager, and John Mast.

In the face of this opposition, CMDHD charged appellants with violations of the Health Code, and they pleaded no contest. After two levels of administrative review in Michigan, appellants sought relief in the Gladwin County Circuit Court. While that action was pending, they filed this action in the Eastern District of Michigan, arguing that CMDHD's requirement infringes their First Amendment right to exercise their religion freely, along with their rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. The district court granted summary judgment to CMDHD on these claims, finding that appellants failed to establish a "substantial burden" on any religious practice. *See* 42 U.S.C. § 2000cc-2(b). Rather, held the district court, they opposed the septic tanks out of more prosaic secular concerns.

Having had the benefit of oral argument and having carefully considered the record on appeal, we are not persuaded that a lengthy opinion is necessary. The district court's opinion correctly set out the law applicable to appellants' religious freedom claims and applied that law to

appellants' own testimony and affidavits, finding that the septic-tank requirement did not offend their statutory or constitutional rights. *See Beechy v. Cent. Mich. Dist. Health Dep't*, 475 F. Supp. 2d 671 (E.D. Mich. 2007).

We tarry only to discuss appellants' remaining claim. After the close of discovery and the filing of CMDHD's motion for summary judgment—more than three years after they filed suit—appellants attempted to amend their complaint to add a claim under the Michigan Right to Farm Act, Mich. Comp. Laws 286.471 *et seq*. The Right to Farm Act "protect[s] farmers from the threat of extinction caused by nuisance suits arising out of alleged violations of local zoning ordinances and other local land use regulations as well as from the threat of private nuisance suits." *Northville Twp. v. Coyne*, 429 N.W.2d 185, 187 (Mich. Ct. App. 1988). After a hearing, the district court declined to exercise supplemental jurisdiction over this state-law claim and accordingly denied leave to amend. Appellants now contend that the court abused its discretion in refusing to allow them to add this belatedly-discovered theory.

We review a district court's refusal to exercise supplemental jurisdiction under the deferential abuse-of-discretion standard. *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007). The supplemental jurisdiction statute conferred discretionary jurisdiction here because the Right to Farm Act claim arose out of the same "case or controversy" as the federal constitutional claims. *See* 28 U.S.C. § 1367(a). Nevertheless, the district court found the claim posed a "novel or complex issue of State law," *id.* § 1367(c)(1), that Michigan courts should ideally resolve without federal interference. In particular, the court cited the complexity of balancing state statutes and local

ordinances. Given the paucity of decisions interpreting the Right to Farm Act and our "interest in avoiding the unnecessary resolution of state law issues," *Hankins v. The Gap, Inc.*, 84 F.3d 797, 803 (6th Cir. 1996), we are not left with "a definite and firm conviction that the trial court committed a clear error of judgment," as required to find the district court abused its discretion. *Harlamert v. World Finer Foods, Inc.*, 489 F.3d 767, 773 (6th Cir. 2007) (quoting *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999)).

Two other considerations support the district court's order denying leave to amend. As the district court noted, appellants' counsel did not appear at the motion hearing to argue their right to amend the complaint, and the record reflects no excuse for that absence or request for reconsideration. And, although CMDHD's Motion for Summary Judgment remained under advisement when the district court denied leave to amend the complaint, now that no federal claims survive, appellants' request for supplemental jurisdiction is not compelling. *See* 28 U.S.C. § 1367(c)(3); *see also Hankins*, 84 F.3d at 803 ("[G]enerally, 'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993))).

For the foregoing reasons, we affirm the grant of summary judgment to appellees on the religious freedom claims and affirm the denial of appellants' motion to amend their complaint.