# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF WHITE LAKE,

        Plaintiff/Counterdefendant-
        Appellee,

v

CIURLIK ENTERPRISES and MARTIN
CIURLIK,

        Defendants/Counterplaintiffs-
        Appellants.

UNPUBLISHED
May 12, 2016

No. 326514
Oakland Circuit Court
LC No. 2014-141776-CZ

Before: MURPHY, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this action alleging violations of a local ordinance and the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*, defendants Ciurlik Enterprises and Martin Ciurlik[1] appeal as of right an order granting summary disposition in favor of plaintiff Charter Township of White Lake pursuant to MCR 2.116(C)(10). We affirm.

Defendant has been using real property it purchased in plaintiff's township as a large-scale commercial composting facility since 2008. The property is located in a zoned agricultural (AG) district. At the time the composting operation began, a permitted principal use of AG-zoned property included: "Farms, excluding those operated wholly or in part for the disposal of garbage, sewage, rubbish, offal and wastes from rendering plants." Ordinance No. 58, § 7.02(B). In 2011, plaintiff amended that provision, shortening it to: "Farms." See § 3.1.1(B)(ii).

In May of 2014, Rizzo Environmental Services, Inc. began delivering decomposing yard waste to defendant's facility. Thereafter, plaintiff and the MDEQ began receiving complaints from surrounding property owners regarding the noxious odor emanating from defendant's facility. In response to the complaints, the MDEQ visited defendant's property and discovered two violations of the NREPA. A 1.4 acre section of defendant's facility had about 13,000 cubic yards of compost material; thus, MCL 324.11521(4)(c)(ii) was violated because it prohibited

---

[1] We refer to Ciurlik Enterprises and Martin Ciurlik collectively as "defendant."

-1-

more than 5,000 cubic yards of compost material on any acre of property. And defendant violated MCL 324.11521(4)(d)(ii), which required composting operators to maintain particular records.

Plaintiff's Planning Director, Sean O'Neil, also visited defendant's property in response to the complaints and discovered defendant's commercial composting facility. O'Neil believed that the commercial composting facility violated § 3.1.1 because such a facility was not a permitted use of AG-zoned land. Further, the noxious odors that emanated from defendant's property amounted to a nuisance and violated the performance standards set forth in § 5.18. Defendant was notified to conform to the zoning ordinance by stopping the commercial composting operation and removing the material causing the noxious odors.

On July 11, 2014, because defendant did not stop its commercial composting operation or begin removal of the composting materials, this action was filed. Plaintiff's complaint contained three counts and sought to "enjoin a public health hazard." Count I alleged a violation of Ordinance No. 58, § 3.1.1, because defendant's commercial composting facility was not a permitted use of AG-zoned land. Count II alleged a violation of the performance standards set forth in § 5.18 because defendant's composting operation had produced noxious odors. And Count III alleged that defendant violated the NREPA in the manner described by the MDEQ and, thus, the NREPA permitted this enforcement action. Plaintiff sought an injunction, abatement of the nuisance, and sanctions. Thereafter, an order was entered requiring defendant to show cause why the court should not preliminarily enjoin its activity that was allegedly in violation of the zoning ordinance.

In response, defendant argued that there was no zoning violation because its commercial composting operation fit the definition of a "farm" under the AG zoning ordinance, as well as the Right to Farm Act (RTFA), MCL 286.471, *et seq.* Defendant also argued that the composting operation was entitled to immunity under the RTFA because, pursuant to MCL 286.473(1), a farming operation cannot be considered a nuisance. Defendant claimed that it gained that protection by fitting the definition of a "farm" under the RTFA and by operating its facility in conformity with Generally Accepted Agricultural Management Practices (GAAMPs) promulgated by the Michigan Department of Agriculture. But, defendant argued, even if the trial court held that a commercial composting facility was not a permitted use of AG-zoned land, the exclusionary zoning statute, MCL 125.3207, allowed its composting operation to continue because there was a demonstrated need for it and plaintiff's zoning ordinance totally prohibited the use. Accordingly, defendant argued, plaintiff was not entitled to an injunction.

On September 9, 2014, after conducting a three-day hearing where the parties presented arguments and witnesses, and following two site visits, the trial court held that plaintiff would likely succeed on the merits of the case and entered an order of preliminary injunction. Subsequently, defendant stopped engaging in active composting but did not remove the composting material already on site. Plaintiff then moved the trial court to find defendant in contempt and defendant sought a clarification of the trial court's order. The trial court entered an order clarifying for defendant that all composting materials must be removed, and scheduled a hearing to show cause why defendant should not be held in contempt.

Defendant then sought leave to file an interlocutory appeal of the decision requiring the removal of all composting materials. In lieu of granting leave to appeal, this Court peremptorily reversed the trial court's order, remanded for an evidentiary hearing regarding available options for abatement, and adjourned the show cause hearing scheduled by the trial court. *White Lake Charter Twp v Ciurlik Enterprises*, unpublished order of the Court of Appeals, entered December 16, 2014 (Docket No. 324976).

Shortly thereafter, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(10). In brief, plaintiff argued that there was no genuine issue of material fact that defendant violated the AG zoning ordinance and the NREPA. Plaintiff also argued that defendant's operation was not protected under the RTFA because it was not a farm; no crops or farm products were produced. Thus, plaintiff argued, a permanent injunction should issue. Defendant responded and raised several arguments, including that discovery was not complete so the motion was premature. The trial court denied plaintiff's motion, finding that relevant discovery still needed to occur, and that such discovery might reveal important facts.

Subsequently, plaintiff filed a renewed motion for summary disposition. Defendant responded, urging the trial court to deny plaintiff's motion and grant summary disposition in defendant's favor. On March 9, 2015, the trial court issued its opinion and order granting summary disposition in plaintiff's favor and ordering a permanent injunction. With regard to Count I of plaintiff's complaint, the trial court found no issue of material fact existed that defendant violated § 3.1.1 because the operation of a commercial composting facility was not a permitted use of AG-zoned land. With regard to Count II of plaintiff's complaint, the trial court found no issue of material fact existed that defendant violated § 5.18 because defendant's operation of the composting facility had produced noxious odors that impacted the use and enjoyment of the neighboring properties. With regard to Count III of plaintiff's complaint, the trial court found no issue of material fact existed that defendant violated the NREPA by storing more than 5,000 cubic yards of compost material on an acre of property and by failing to maintain proper records. Accordingly, the trial court held, plaintiff was entitled to summary disposition.

In reaching its holding, the trial court also considered defendant's several defenses. First, the trial court rejected defendant's claim that its composting operation was a "farm" under the RTFA. Second, the court rejected defendant's claim that plaintiff engaged in exclusionary zoning related to commercial composting facilities. Third, the court rejected defendant's equitable estoppel argument, holding that the statements defendant allegedly relied upon—that composting may be a permitted use—were not incorrect considering that composting in conjunction with a farm is permitted on AG-zoned property. And, fourth, the trial court rejected all of defendant's equitable claims on the ground that defendant's act of opening a composting facility on AG-zoned property, when such use was clearly not permitted, amounted to unclean hands. Therefore, the trial court granted summary disposition in favor of plaintiff, denied defendant's motion for summary disposition, and ordered that the preliminary injunction and order of abatement be made permanent. This appeal followed.

Defendant first argues that plaintiff's motion for summary disposition should have been denied because its commercial composting operation is a "farm" and, thus, is a permitted use of its AG-zoned property. We disagree.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Lakeview Commons v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim and should be granted only if, after consideration of the evidence submitted by the parties in the light most favorable to the nonmoving party, no genuine issue regarding any material fact exists. *Id*.; see also *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

"Ordinances are treated as statutes for the purposes of interpretation and review." *Great Lakes Society v Georgetown Charter Twp*, 281 Mich App 396, 407; 761 NW2d 371 (2008). Accordingly, we review de novo, as a question of law, the interpretation and application of a municipal ordinance. *Id*. The rules of interpretation are well-established and are designed to give effect to the legislative body's intent. *Ballman v Borges*, 226 Mich App 166, 167; 572 NW2d 47 (1997). We first consider the language of the ordinance and, if the language is clear and unambiguous, it must be applied as written. *Brandon Charter Twp v Tippett*, 241 Mich App 417, 422; 616 NW2d 243 (2000).

White Lake Township Zoning Ordinance No. 58, § 3.1.1(A) sets forth the intent of the Agricultural District as follows:

> The Agricultural District is established as a district in which the principal use of land is for farming, dairying, forestry operations and other agricultural activities. The intent of this article is to protect land needed for agricultural pursuits from encroachment by untimely and unplanned residential, commercial or industrial development.

Section 3.1.1(B) sets forth a list of permitted principal uses and "farms" are on that list, but neither composting nor commercial composting are referenced. Defendant claims that its composting operation qualifies as a "farm." The word "farm" is defined within the ordinance:

> **FARM.** All of the contiguous neighboring or associated land operated as a single unit on which bona fide farming is carried on directly by the owner, operator, manager or tenant farmer, by his own labor or with the assistance of members of his household or hired employees; provided, however, that land to be considered a farm hereunder shall include a continuous parcel of five (5) acres or more in area; provided further, farms may be considered as including establishments operated as bona fide greenhouses, nurseries, orchards, chicken hatcheries, poultry farms, dairies, livestock raising and apiaries. [§ 2.2(63).]

Considering the plain language of the ordinance, a "farm" is land on which "bona fide farming" occurs. See *id*. Defendant contends that its operation should be considered "bona fide farming" under the zoning ordinance. See *id*. Both parties agree that "bona fide farming," or more simply "farming," is a term not defined in the ordinance. "Terms not herein defined shall have the meanings customarily assigned to them." § 2.1. Generally, undefined terms are given their "plain and ordinary meanings." *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). When presented with undefined terms, this Court is permitted to "consult dictionary definitions." *Id*. However, "a reviewing court is to give deference to a municipality's interpretation of its own ordinance." *Macenas v Village of Michiana*, 433 Mich 380, 398; 446 NW2d 102 (1989).

Plaintiff and defendant disagree on the process this Court should use to define "farming" for purposes of the zoning ordinance. Plaintiff contends this Court should refer to a dictionary, while defendant contends that only consideration of plaintiff's past application of the ordinance is required. In either case, however, the same result is reached. See *Koontz*, 466 Mich at 312; *Macenas*, 433 Mich at 398.

The ordinance defines a "farm" as land on which "farming" takes place. "Farming" is the verb tense of the word "farm," and dictionary definitions include: "to devote to agriculture," "to manage and cultivate as a farm," "to grow or cultivate in quantity," and "to engage in raising crops or animals." *Merriam-Webster's Collegiate Dictionary* (2014). It is also of note that the definition of "farm" in plaintiff's ordinance lists examples of permissible activities, and includes establishments operated as: "bona fide greenhouses, nurseries, orchards, chicken hatcheries, poultry farms, dairies, livestock raising and apiaries." § 2.2(63). All of the examples on that list involve either the production of plants or animals. *Id*.

Here, defendant operates a commercial composting facility that does not produce plants or animals. Rather, defendant accepts yard waste from offsite sources, completes the composting procedure, and sells the finished product. It is clear that defendant does not "engage in raising crops or animals." See *Merriam-Webster's Collegiate Dictionary* (2014). Defendant's operation does not even closely relate to any of the listed examples of permissible activities provided by the ordinance. Finally, the operation of a commercial composting business is not within the intent of the agricultural district: "to protect land needed for agricultural pursuits from encroachment by untimely and unplanned . . . commercial . . . development." § 3.1.1(A). Defendant's composting operation is commercial in nature.

Defendant argues, however, that plaintiff's application of the zoning ordinance with regard to AG-zoned property requires that defendant's commercial composting facility be allowed. As previously noted, "a reviewing court is to give deference to a municipality's interpretation of its own ordinance." *Macenas*, 433 Mich at 398. But, here, there is no record evidence of an official decision by any zoning board regarding application of the zoning ordinance to AG-zoned land. But defendant contends that plaintiff's interpretation of the zoning ordinance can be gleaned from plaintiff's actions. In so arguing, defendant relies primarily on allegations that plaintiff contracted with a commercial composting facility that was situated on AG-zoned property for the disposal of yard waste produced by its own citizens. The record reveals that plaintiff did enter into a contract with Allied Waste to deliver yard waste to the composting facility on Hitchcock Road, which was zoned AG. The record also reveals that the contract to begin doing so began in 2011. Defendant also relies on the fact that around the same time plaintiff entered the contract, it amended its zoning regulations to remove language that would have specifically excepted composting from the permitted use of farming.

Defendant's argument is not persuasive, partly because defendant has misconstrued the record evidence. Indeed, plaintiff's treatment of the Hitchcock Road facility reflects similarly to plaintiff's treatment of defendant. Specifically, the record reveals that plaintiff first considered pursuing a zoning violation against the Hitchcock Road facility in 2006. After further investigation, however, it was determined that the Hitchcock Road facility was protected under the RTFA because it was also engaged in the production of trees, a farming activity. And there is no evidence demonstrating that the Hitchcock Road facility was not entitled to immunity under

the RTFA at the time plaintiff entered into the contract to send yard waste to it. Moreover, in 2014, when plaintiff initiated action against defendant, a similar letter alleging the same violation of AG zoning was also issued to the Hitchcock Road facility. In response to the letter, the owners of the Hitchcock Road facility began voluntarily moving their business. This factual situation also belies the argument that plaintiff amended its zoning ordinance to benefit the Hitchcock Road facility. In short, considering the actual evidence presented, the trial court properly discredited this argument by defendant.

Defendant also suggests that this Court should deduce plaintiff's "interpretation of its own ordinance" from statements allegedly made by an ordinance enforcement officer, Craig Kouba, and township supervisor, Greg Baroni. *Macenas*, 433 Mich at 398. Defendant claims that both Kouba and Baroni told defendant that commercial composting was permitted on the subject property. In support of its argument, defendant suggests that the weighmaster report shows that Baroni told defendant that commercial composting was permitted under the zoning ordinance. But the document merely shows that Baroni acknowledged that defendant had obtained the proper MDEQ registration to operate as a composting facility. The document makes no mention of zoning, a definition of "farm," or the like. Indeed, the weighmaster's visit to the subject property was to discover the best means of repairing the road outside of defendant's property, not for any action related to zoning.

Next, defendant claims that when Kouba visited the subject property in 2008, he told defendant that its operation was a permitted use. But the record does not support that statement. Kouba's testimony actually reveals that he told defendant he did not believe there was any ordinance that could stop defendant's operation. But defendant provides this Court with no law that suggests a statement by a zoning enforcement officer while on an impromptu visit to a site amounts to an interpretation of the zoning ordinance. Further, the evidence showed, and the parties agreed, that AG-zoned land would permit composting activity if it was done on land that was also used as a farm. Therefore, considering the record evidence, the trial court properly found defendant's arguments without merit because there was no evidence that plaintiff ever interpreted the zoning ordinance to permit a business engaged solely in commercial composting on AG-zoned property. See *id*.

In summary, because defendant's commercial composting operation was not a "farm" under the ordinance it was not a permitted use of AG-zoned land. See Section 3.1.1(B)(ii). Accordingly, the trial court properly granted summary disposition in plaintiff's favor on this claim.

Defendant also argues that, because plaintiff engaged in exclusionary zoning by excluding commercial composting from the entire township, plaintiff could not enforce the ordinance. After de novo review of this issue involving statutory interpretation, we disagree. See *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004).

MCL 125.3207 states:

> A zoning ordinance or zoning decision shall not have the effect of totally prohibiting the establishment of a land use within a local unit of government in the presence of a demonstrated need for that land use within either that local unit

-6-

of government or the surrounding area within the state, unless a location within the local unit of government does not exist where the use may be appropriately located or the use is unlawful.

This Court has considered this statute before amendment to its current form, which is almost identical, and held "a township may not totally exclude a use if the exclusion is township-wide in scope, there is a demonstrated need for the use, the use is appropriate in some location in the township, and the use is lawful." *Landon Holdings, Inc v Grattan Twp*, 257 Mich App 154, 167; 667 NW2d 93 (2003). With regard to the first requirement, "[t]he statute's language clearly precludes only total exclusion." *Id*. In other words, in order for plaintiff's zoning ordinance to be considered exclusionary, it must include a township-wide ban on the use. See *id*.

Defendant alleges here that plaintiff's zoning ordinance does not permit a use of commercial composting in any zoning district. However, O'Neil testified in his deposition that a commercial composting site would be permitted on land designated for light industrial use. Therefore, it is plain that commercial composting is not completely excluded pursuant to the zoning ordinance, and defendant does not challenge that evidence. See *id*. However, this Court has held that exclusionary zoning might occur where a township "merely make[s] the use a practical impossibility." *Id*. at 168. This argument, however, was not proposed by defendant nor supported by any evidence in the record. Rather, we are left only with O'Neil's assertion that plaintiff did permit commercial composting in a given district. If plaintiff had not assigned any land zoned as light industrial or there was evidence of practical impossibility, then defendant's argument may have had merit but defendant has presented no such evidence. Therefore, the first prong of analysis regarding the effect of MCL 125.3207 fails, and defendant's exclusionary zoning argument is without merit. Accordingly, the trial court properly determined that plaintiff's zoning ordinance was not in violation of the exclusionary zoning statute, MCL 125.3207.

Finally, defendant argues that its commercial composting operation was a "farm operation" under the RTFA and, thus, was immune from plaintiff's odor-related nuisance claim. After de novo review of this issue of statutory interpretation, we disagree. See *Neal*, 470 Mich at 664.

The RTFA, MCL 286.471 *et seq*., "was intended to 'protect farmers from the threat of extinction caused by nuisance suits arising out of alleged violations of local zoning ordinances and other local land use regulations as well as from the threat of private nuisance suits.'" *Lima Twp v Bateson*, 302 Mich App 483, 495; 838 NW2d 898 (2013), quoting *Northville Twp v Coyne*, 170 Mich App 446, 449; 429 NW2d 185 (1988). This Court previously held that "a party relying on the RTFA as a defense to a nuisance action has the burden to prove that the challenged conduct is protected under the RTFA." *Lima Twp*, 302 Mich App at 496.

The RTFA states, in pertinent part:

> A farm or farm operation shall not be found to be a public or private nuisance if the farm or farm operation alleged to be a nuisance conforms to generally accepted agricultural and management practices according to policy determined by the Michigan commission of agriculture. [MCL 286.473(1).]

This Court has held that "the rights afforded a farmer under the RTFA preempt local ordinances such that activities falling within the purview of the act cannot be barred by ordinance." *Lima Twp*, 302 Mich App at 493, citing *Travis v Preston (On Rehearing)*, 249 Mich App 338, 343-346; 643 NW2d 235 (2002). Therefore, this Court must consider if defendant's commercial composting facility is entitled to such protection. If not, "a violation of a zoning ordinance constitutes a nuisance per se, and a court must order it abated." *Lima Twp*, 302 Mich App at 493. If the protection does apply, then plaintiff's zoning ordinance "could not operate to bar appellants from engaging in the activity and [plaintiff] was not entitled to injunctive relief." *Id.*

As this Court held in *Lima Twp*, for activity to be protected under MCL 286.473(1) of the RTFA, the defendant must prove that the challenged activity constitutes a "farm" or "farm operation," and that the farm or farm operation conforms to the applicable GAAMPs. *Lima Twp*, 302 Mich App at 494. Thus, we first consider whether defendant's commercial composting facility qualifies as a "farm" or "farm operation" under the RTFA.

Pursuant to MCL 286.472, the RTFA defines a farm and farm operation as follows:

> (a) "Farm" means the land, plants, animals, buildings, structures, including ponds used for agricultural or aquacultural activities, machinery, equipment, and other appurtenances used in the commercial production of farm products.

> (b) "Farm operation" means the operation and management of a farm or a condition or activity that occurs at any time as necessary on a farm in connection with the commercial production, harvesting, and storage of farm products[.]

It is clear that the property must be a "farm" to be a "farm operation." Thus, we turn to the issue whether defendant's commercial composting operation qualified as a "farm" under the RTFA. See MCL 286.472(a). To be a "farm," defendant's land must be "used in the commercial production of farm products." MCL 286.472(a). "Commercial production" in relation to the RTFA has been held to mean "the act of producing or manufacturing an item intended to be marketed and sold at a profit." *Shelby Twp v Papesh*, 267 Mich App 92, 100-101; 704 NW2d 92 (2005). It is undisputed that defendant is in the composting business to produce a product that will be sold for profit. Therefore, defendant's composting operation was "commercial in nature." See *id.* at 101.

Next, we consider whether the compost humus produced by defendant is a "farm product" under the RTFA. MCL 286.472(a). A "farm product" is defined within the RTFA, codified at MCL 286.472(c):

> "Farm product" means those plants and animals useful to human beings produced by agriculture and includes, but is not limited to, forages and sod crops, grains and feed crops, field crops, dairy and dairy products, poultry and poultry products, cervidae, livestock, including breeding and grazing, equine, fish, and other aquacultural products, bees and bee products, berries, herbs, fruits, vegetables, flowers, seeds, grasses, nursery stock, trees and tree products, mushrooms, and other similar products, or any other product which incorporates the use of food, feed, fiber, or fur, as determined by the Michigan commission of agriculture.

Thus, a "farm product" is very specifically limited to "those *plants and animals* useful to human beings[.]" MCL 286.472(c) (emphasis added).

If a statute is unambiguous, this Court is not permitted to go beyond the language of the statute. See *Brandon Charter Twp*, 241 Mich App at 422. It is hard to imagine a more unambiguous definition of a "farm product," at least for the purposes of this case, than "plants and animals." MCL 286.472(c). It is important to recall that "courts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Johnson v Recca*, 492 Mich 169, 177; 821 NW2d 520 (2012) (internal citations and quotations omitted). Defendant does not allege that the compost humus produced on the property is a plant or an animal; rather, defendant focuses on the fact that the compost humus is a product that is useful to human beings. Applying such an interpretation to MCL 286.472(c) would render the language "plants and animals" nugatory, which is impermissible. Therefore, because compost humus produced by defendant is, by definition, not a "farm product," the subject property cannot be deemed a "farm" or "farm operation." See MCL 286.472(a)-(c).

Defendant argues that this Court, in an unpublished opinion, has already held that composting is a "farming operation" under the RTFA. Specifically, defendant relies on an unpublished opinion per curiam of the Court of Appeals, "An unpublished opinion is not precedentially binding under the rule of stare decisis," MCR 7.215(C)(1), although it may be instructive, *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). But regardless of the non-binding nature of the relied upon opinion the case is distinguishable. The land at issue in the unpublished opinion was undisputedly a farm that was going to begin composting activity to fertilize its own land. See MCL 286.472(b). That is not the case here.

In summary, because defendant's commercial composting facility is not a "farm" under the RTFA, defendant was not entitled to the protection of the RTFA. See MCL 286.472(a)-(c). Thus, defendant's zoning violation amounted to a nuisance per se, and the trial court properly ordered that the nuisance be abated, by requiring defendant to cease the business. See MCL 125.3407; *Lima Twp*, 302 Mich App at 493. Accordingly, the trial court properly granted summary disposition in plaintiff's favor on this claim.

Affirmed.

/s/ William B. Murphy
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause