Samuel K. LIPARI, Plaintiff,

v.

US BANCORP NA and U.S. Bank NA, Defendants.

Civil Action No. 07–2146–CM.

United States District Court, D. Kansas.

Nov. 16, 2007.

Ira Dennis Hawver, Law Office Of Dennis Hawver, Ozawkie, KS, for Plaintiff.

Andrew M. Demarea, Jay E. Heidrick, Shughart Thomson & Kilroy, Overland Park, KS, Mark A. Olthoff, Shughart Thomson & Kilroy, PC, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

CARLOS MURGUIA, District Judge.

Plaintiff Samuel K. Lipari brings this action against defendants U.S. Bancorp NA and U.S. Bank NA. This matter is before the court on defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 22).

## I. Factual Background

Plaintiff filed the instant action in Jackson County Circuit Court on November 28, 2006 (Jackson County Case No. 0616–CV–32307). On December 13, 2006, defendants removed the action to the United States District Court for the Western District of Missouri, Western Division, on the basis of diversity. On April 11, 2007, the United States District Court for the Western District of Missouri transferred the case to this court. Plaintiff brings the following five claims against defendants, each under Missouri state law: (1) breach of contract; (2) fraud; (3) trade secret misappropriation; (4) breach of fiduciary duty; and (5) prima facie tort.

## II. Standing

Defendant argues that plaintiff lacks standing to bring claims on behalf of Medical Supply Chain, Inc. ("Medical Supply") because under Missouri law (1) a corporation continues business in its name in order to wind up its business affairs; (2) dissolution does not transfer the corporation's property; and (3) the claims alleged in the complaint are not assigned to plaintiff merely by reason of the dissolution. Plaintiff argues that he has standing because Medical Supply assigned him all of its interests and rights, including the claims in this lawsuit.

 As the party bringing this lawsuit, plaintiff has the burden to establish that he has standing to bring these claims. Standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." *Quik Payday, Inc. v. Stork*, No. 06–2203–JWL, 2006 WL 2792317, at *2 (D.Kan.2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)) (discussing the elements of Article III standing). At the motion to dismiss stage, general factual allegations may suffice, "for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Thompson v. Jiffy Lube Int'l., Inc.*, 505 F.Supp.2d 907, 923 (D.Kan.2007). On a motion to dismiss, the court must accept as true all material allegations of the complaint, and must construe the complaint in favor of plaintiff. *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir.2003) (" 'For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.' ") (quoting *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

 Under Missouri law, a shareholder does not have standing to sue in his individual capacity for damages to the corporation. *Hutchings v. Manchester Life and Cas. Mgmt. Corp.*, 896 F.Supp. 946, 947 (E.D.Mo.1995). Corporate dissolution does not transfer standing to a shareholder. A dissolved corporation's existence continues in order for the corporation to wind up its business affairs. Mo.Rev.Stat. § 351.476. Dissolution does not transfer title to the corporation's property or prevent commencement of a proceeding by or against the corporation in its corporate name. *Id.* A dissolved corporation retains the legal claims it had prior to dissolution. Even after dissolution, the corporation, not its shareholders or trustees, is the proper party to sue or be sued. *Cf. Mabin Constr. Co., Inc. v. Historic Constructors, Inc.*, 851 S.W.2d 98, 103 (Mo.Ct.App.1993) (recognizing that Mo.Rev.Stat. § 351.476 precludes statutory trustees from being brought into suits against an administratively dissolved corporation). Thus, plaintiff cannot bring Medical Supply's claims as a shareholder.

■ Missouri law does, however, allow a dissolved corporation to assign its claims to a third-party. *See, e.g., Smith v. Taylor–Morley, Inc.,* 929 S.W.2d 918 (Mo. Ct.App.1996) (upholding dissolved corporation's written assignment of rights to a purchase contract). The assignee may sue to recover damages for the dissolved corporation's claims. *Id.* (holding assignee of dissolved corporation's rights under a purchase contract could sue for injuries to dissolved corporation for breach of the purchase contract). Here, plaintiff alleges that he is the assignee of all rights and interests of Medical Supply, including the claims in this lawsuit. Accepting as true all material allegations of the complaint and construing the complaint in favor of plaintiff, the court finds that plaintiff has met his burden at this stage of the proceeding. Defendant's motion is denied with respect to standing.

## III. Res Judicata

■ As Medical Supply's assignee, plaintiff has no greater rights than Medical Supply had at the time of the assignment. *Citibank (S.D.), N.A. v. Mincks,* 135 S.W.3d 545, 556–57 (Mo.Ct.App.2004). And any defense valid against Medical Supply is valid against plaintiff. *Id.* Defendant argues that res judicata bars plaintiff's claims because Medical Supply raised or could have raised these claims in *Medical Supply Chain, Inc. v. U.S. Bancorp, NA, et al.,* Case No. 02–2539–CM (*Medical Supply I* ) and *Medical Supply Chain, Inc. v. Neoforma, Inc., et al.,* Case No. 05–2299–CM (*Medical Supply II* ).

■ Res judicata " 'prohibits a party from asserting any matter that *might* have been asserted* in the previous cause of action, even if it was not actually asserted.' " *Prospero Assocs. v. Burroughs Corp.,* 714 F.2d 1022, 1025 (10th Cir.1983) (citation omitted) (emphasis supplied); *see also Wedow v. City of Kan. City, Mo.,* 442 F.3d 661, 669 (8th Cir.2006).[1] For the doctrine to apply, three conditions must be satisfied: (1) the parties must be identical or in privity; (2) the suit must be based on the same cause of action; and (3) a final judgment on the merits must have been made in the prior action. *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 (10th Cir.1999) (citing *King v. Union Oil Co. of Cal.,* 117 F.3d 443, 445 (10th Cir.1997)); *Baker v. Chisom,* 501 F.3d 920, 925 (8th Cir.2007).

■ The defendants in this case were defendants in *Medical Supply I* and *Medical Supply II.* And, as Medical Supply's assignee, plaintiff is in privity with Medical Supply. The claims in this case arise from the same operative facts as the claims raised in *Medical Supply I* and *Medical Supply II* and are based on the same cause of action as the claims the previous cases. *See, e.g., Landscape Props., Inc. v. Whisenhunt,* 127 F.3d 678, 683 (8th Cir. 1997) (recognizing "that if a case a rises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."). The court reached final judgments on the federal claims in both *Medical Supply I* and *Medical Supply II.*

Under the doctrine of res judicata, plaintiff is prohibited from asserting claims that

---

1. The parties cite to both Tenth and Eighth Circuit law to support their res judicata arguments, and neither cites to Missouri state law. At this point, the court need not determine which law is applicable because the principals of res judicata are identical under each jurisdiction. *See Bannum, Inc. v. City of St. Louis,* 195 S.W.3d 541, 544 (Mo.Ct.App.2006) ("Missouri law tracks the Eighth Circuit in defining the prerequisites for res judicata."). But the court suggests that the parties properly brief the issue of which law applies on issues raised in the future.

Medical Supply could have raised in *Medical Supply I* or *Medical Supply II*. Because the state law claims alleged in this case are based on the same cause of action as the claims in the prior lawsuits, Medical Supply could have brought these state law claims in either of its previous lawsuits. Res judicata bars the claims that could have been, but were not, asserted in *Medical Supply I* or *Medical Supply II. See, e.g., Jones v. City of Kan. City, Mo.*, 143 Fed.Appx. 735 (8th Cir.2005) (affirming that res judicata bars claims that arise out of the same nucleus of operative facts as those in a prior lawsuit and that could have been raised in the prior lawsuit).

But res judicata does not bar the state law claims that were raised in *Medical Supply I* or *Medical Supply II*. In both cases, the court declined supplemental jurisdiction over the state law claims and dismissed the state law claims without prejudice. A dismissal without prejudice "is a dismissal that does not 'operat[e] as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect." *Santana v. City of Tulsa*, 359 F.3d 1241, 1246, n. 5 (10th Cir.2004) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990)). Thus, there has been no final judgment on the merits of the state law claims raised in *Medical Supply I* and *Medical Supply II*, and those claims are not barred by the doctrine of res judicata.[2]

The record before the court does not clearly delineate which of plaintiff's claims were raised in the previous lawsuits and which are being raised for the first time. Plaintiff is ordered to file a brief within ten days of this order setting forth which of its state law claims were dismissed without prejudice in *Medical Supply I*, which were dismissed without prejudice in *Medical Supply II*, and which are being raised for the first time. Defendant shall file a response within ten days of the date plaintiff's brief is filed.

The remainder of defendant's motion is denied without prejudice. Defendants may refile their motion to dismiss once the record clearly identifies which claims are barred by res judicata and which remain pending.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 22) is granted in part, denied in part, and denied without prejudice in part.

---

2. The court recognizes that "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Landscape Props., Inc.*, 127 F.3d at 683. But here, plaintiff's motion to amend in *Medical Supply II* was stricken from the record, not denied on the merits of the proposed amendment. The court finds that the order striking the motion to amend does not prevent plaintiff from raising the state law claims because those claims were specifically dismissed without prejudice.