**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MEDICAL SUPPLY CHAIN, INC.,

        Plaintiff - Appellant,

    v.

NEOFORMA, INC.; ROBERT J.
ZOLLARS; VOLUNTEER HOSPITAL
ASSOCIATION; CURT
NONOMAQUE; UNIVERSITY
HEALTHSYSTEM CONSORTIUM;
ROBERT J. BAKER; US BANCORP
NA; US BANK NA; JERRY A.
GRUNDHOFER; ANDREW CECERE;
PIPER JAFFRAY COMPANIES;
ANDREW S. DUFF; SHUGART
THOMSON & KILROY, WATKINS
BOULWARE, P.C.; NOVATION,
LLC,

        Defendants - Appellees,
------------------------

SAMUEL K. LIPARI,

        Interested Party-Appellant.

No. 06-3331

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 05-CV-2299-CM)**

Submitted on the briefs:[*]

Ira Dennis Hawver, Ozawkie, Kansas, for Plaintiff - Appellant.

Mark A. Olthoff, Shughart Thomson & Kilroy, P.C., Kansas City, Missouri, Andrew M. DeMarea, Shughart Thomson & Kilroy, P.C., Overland Park, Kansas, for Defendants - Appellees, U.S. Bancorp, N.A., U.S. Bank National Association, Jerry A. Grundhofer, Andrew Cecere, Piper Jaffray Companies, and Andrew S. Duff.

Stephen N. Roberts, Janice Vaughn Mock, Nossaman, Guthner, Knox & Elliott, LLP, San Francisco, California, and John K. Power, Husch & Eppenberger, Kansas City, Missouri, for Defendants - Appellees, Neoforma, Inc. and Robert J. Zollars.

Kathleen Bone Spangler, Vinson & Elkins, L.L.P, Houston, Texas, and John K. Power, Husch & Eppenberger, Kansas City, Missouri, for Defendants - Appellees Novation, LLC, Curt Nonomaque, Volunteer Hospital Association, University Healthsystem Consortium and Robert J. Baker.

William E. Quirk, Kathleen A. Hardee, Shughart Thomson & Kilroy, P.C., Kansas City, Missouri, for Defendant - Appellee, Shughart Thomson & Kilroy, P.C., and Watkins Boulware, P.C.

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

---

**HARTZ**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Medical Supply Chain, Inc. (MSC) appeals from a district-court order striking its motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment against it. Because the notice of appeal was untimely and timeliness is jurisdictional, we dismiss the appeal.

We begin by summarizing the rules that govern the timeliness of this appeal. Federal Rule of Appellate Procedure 4(a)(1)(A) states the general rule that the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." *Cf.* Fed. R. App. P. 4(a)(1)(B) (setting 60-day limit "[w]hen the United States or its officer or agency is a party"). Federal Rule of Civil Procedure 58 sets forth how a judgment or order is to be entered. Under Rule 58(a)(1) ordinarily a "judgment [or] amended judgment must be set forth on a separate document." (Federal Rule of Civil Procedure 54(a) defines *judgment* as "any order from which an appeal lies.") But there are exceptions to the separate-document requirement; a separate document is not required for orders disposing of motions under Rules 50(b), 52(b), 54, 59, and 60. *See* Fed. R. Civ. P. 58(a)(1)(A), (B), (C), (D), (E). Entry is straightforward when a separate document is not required; in that circumstance, the order is "entered" when it is "entered in the civil docket under Rule 79(a)." *Id.* Rule 58(b)(1). But if a separate document is required, the judgment is entered only "when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs: (A) when it is set forth on a separate document, or (B)

when 150 days have run from entry in the civil docket under Rule 79(a)." *Id*. Rule 58(b)(2). We now apply these provisions to the case before us.[1]

MSC filed a 115-page complaint against the defendants alleging 16 causes of action ranging from violation of the Sherman Act to prima facie tort. On March 7, 2006, the district court entered an order that, among other things, dismissed the case and imposed sanctions on MSC. The order resolved all issues between the parties. It was therefore a final judgment, *see id*. Rule 54(b), and appealable, *see Rekstad v. First Bank Sys., Inc.*, 238 F.3d 1259, 1261 (10th Cir. 2001). But the district court did not prepare a separate document setting forth the judgment; so, for purposes of the rules, judgment was not entered until 150 days later, on August 4, 2006. *See* Fed. R. Civ. P. 58(b)(2).

On March 14, 2006, Samuel K. Lipari, MSC's chief executive officer, filed an entry of appearance and the motion at issue on this appeal, a motion for reconsideration of the March 7, 2006, order. Mr. Lipari is not an attorney. His entry of appearance informed the court that he had dissolved MSC, had fired its attorney, and was now going to represent himself. Three days later, MSC's attorney filed a motion for leave to withdraw. On March 27 Mr. Lipari filed a motion for leave to rewrite and amend MSC's complaint if the court were to grant his motion to reconsider. On March 30 he filed a motion to strike a number of

---

[1] Effective December 1, 2007, Rule 58 will be restyled, so that Rule 58(a)(1) becomes Rule 58(a) and its subparagraphs (A), (B), (C), (D), and (E) become paragraphs (1), (2), (3), (4), and (5) of Rule 58(a).

filings by various defendants on the ground that they had not been properly served upon him as a pro se litigant. Finally, on July 24, 2006, Mr. Lipari filed in district court a motion to have the case transferred back to the federal district court for the Western District of Missouri, where it had originated.

On August 7, 2006, the district court issued a Memorandum and Order (the M&O) striking the motions filed by Mr. Lipari and denying the motion to withdraw filed by MSC's attorney. The district court ruled that despite MSC's dissolution, it continued to exist for purposes of the litigation and that Mr. Lipari, as a nonattorney, could not represent it and file motions on its behalf. On September 8, 2006, MSC's attorney filed a notice of appeal on behalf of Mr. Lipari and MSC.

Although the notice of appeal could be read to encompass several rulings by the district court, MSC's appellate briefs make clear that the only ruling it challenges is the rejection of the motion to reconsider. Therefore, we need address only the timeliness of the notice of appeal with respect to that order. As MSC appears to concede, the motion to reconsider was a motion under either Federal Rule of Civil Procedure 59, Rule 60, or both. *See Jennings v. Rivers*, 394 F.3d 850, 855 & n.4 (10th Cir. 2005). An order denying such a motion need not be set forth on a separate document in order to be considered "entered" under the rules. *See* Fed. R. Civ. P. 58(a)(1)(D), (E). Thus, entry of the M&O in the district court's docket on August 7 commenced the 30-day period for filing the

notice of appeal. Because the notice of appeal was not filed until September 8—32 days later—it was untimely.

We are not persuaded that any circumstance present in this case delayed the commencement of the 30-day period beyond August 7. One possibility is that an appeal of a motion to reconsider a final judgment, as in this case, is not ripe until the final judgment has been entered. As it turns out, however, the final judgment was entered (in accordance with the 150-day provision of Federal Rule of Civil Procedure 58(b)(2)) on August 4, 2006, three days before the M&O was entered in the court's docket. As a result, we have no reason to decide whether entry of the final judgment was required for ripeness; even if it were required, that requirement was satisfied here.

Another possibility, the one pressed by MSC, is that despite the exception to the separate-document requirement for orders disposing of motions to reconsider, that exception does not apply in the special circumstances of this case. Of course, if a separate document were required by Rule 58(b)(2), then the absence of such a document would mean that the appealed order was not entered until 150 days after August 7, *see* Fed. R. Civ. P. 58(b)(2), and the notice of appeal would have been far from late. MSC presents two arguments why the exception does not apply. We reject both.

First, MSC contends that the exception to the separate-document rule does not apply because the court did not decide the merits of the motion to reconsider,

but rather "struck" it. The exception, however, depends only on whether the order "dispos[es] of" a Rule 59 (or Rule 60) motion, *id*. Rule 58(a)(1); and striking a motion certainly disposes of it.

Second, MSC contends that the exception for orders denying motions under Rule 59 or 60 does not apply in this case, because the denial order was part of an M&O that also disposed of additional motions. We disagree. To be sure, to the extent that the M&O contains a judgment disposing of a nonexcepted motion, a separate document should be filed disposing of that motion. But each order in the M&O should be considered separately for compliance with the separate-document requirement. Rule 58(a) does not say that an order disposing of an excepted motion must be set forth in a separate document if it is disposed of in the same legal paper as an order disposing of a nonexcepted motion. It is unnecessary for all the orders in the M&O to be "entered" at the same time. The purpose of the separate-document rule is to clarify for all concerned that the time for appeal and for postverdict motions has begun. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978); Fed. R. Civ. P. 58 advisory committee's note to 1963 Amendment. The exceptions to the separate-document rule reflect the view that such clarification is not necessary for orders disposing of certain motions, including motions under Rule 59 or 60. The parties are unlikely to be confused about when a district court has finally disposed of a motion to reconsider, whether the court disposes of the motion by itself or disposes of it in a memorandum that

also resolves other motions. Accordingly, entry on the district court's civil docket of the M&O, which contained the order denying MSC's motion for reconsideration, was sufficient for entry of that order.

Finally, we reject the possibility that the appeal from denial of the motion to reconsider might be timely if the time had not yet expired for appeal of another order in the M&O (if, say, entry of the other order required a separate document). We recognize that we have said that "a notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1104 (10th Cir. 2002). Thus, if the order denying the motion to reconsider "merged in" another order in the M&O, and that order was not "entered" at the time that the M&O was entered in the district court's docket, perhaps there would be additional time to appeal the order denying the motion to reconsider. In this case, however, the striking of the motion to reconsider was hardly merged in the order denying the motion to withdraw as counsel or any of the other orders in the August 7 M&O. Striking the motion was not an interlocutory order "leading up to" one of the other orders. *Id.* (internal quotation marks omitted). Therefore, we need not consider whether a separate document was required for any other order in the M&O.

Because a timely notice of appeal in a civil case is a jurisdictional prerequisite to our review, *see Alva v. Teen Help*, 469 F.3d 946, 952-53 (10th Cir. 2006), we GRANT the defendants' motion to DISMISS the appeal.