**UNITED STATES COURT OF APPEALS**     April 23, 2009

**FOR THE TENTH CIRCUIT**

MEDICAL SUPPLY CHAIN, INC.,

        Plaintiff,

v.

NEOFORMA, INC.; ROBERT J.
ZOLLARS; VOLUNTEER HOSPITAL
ASSOCIATION; CURT
NONOMAQUE; UNIVERSITY
HEALTHSYSTEM CONSORTIUM;
ROBERT J. BAKER; U.S.
BANCORP, NA; U.S. BANK
NATIONAL ASSOCIATION; JERRY
A. GRUNDHOFFER; ANDREW
CESERE; PIPER JAFFRAY
COMPANIES; ANDREW S. DUFF;
SHUGART THOMSON & KILROY,
P.C.; WATKINS BOULWARE, PC;
NOVATION LLC,

        Defendants-Appellees,

SAMUEL K. LIPARI,

        Interested Party-
        Appellant.

No. 08-3187
(D.C. No. 2:05-CV-02299-CM-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is

(continued...)

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

Interested Party-Appellant Samuel K. Lipari, appearing pro se, appeals from the district court's order, entered March 31, 2008, striking his February 13, 2008, Rule 60(b) motion, *see* R., Doc. 127, and its order, entered July 8, 2008, striking his April 8, 2008, Rule 59(e) motion, and imposing filing restrictions, *see* R., Doc. 135.[1]  Mr. Lipari's February 2008 Rule 60(b) motion asked the court to reopen a previous order striking a previous post-judgment motion, and his April 2008 Rule 59(e) motion asked the court to alter or amend its order striking his February 2008 Rule 60(b) motion.  Because Mr. Lipari's arguments seeking to have the district court's orders on his previous post-judgment motions reopened are based on a misunderstanding of the law, we affirm the district court's decision to not reopen those previous rulings for substantially the reasons set forth in the

[*](...continued)
not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     We note that most of the points in Mr. Lipari's opening brief attack the district court's original dismissal of his action and other previous rulings. Mr. Lipari explains in his reply brief that he has included those arguments defensively, out of concern that this court might rule that alleged district court error's regarding the post-judgment motions at issue were harmless based on the previous dismissal of his original claims.  Supporting Mr. Lipari's claim that he is not raising these arguments for consideration on appeal is the fact that he makes no mention of them in his notice of appeal and refers to them in his brief as prior issues.

district court's orders.  We also affirm the district court's imposition of filing restrictions in this case, holding that the district court did not abuse its discretion in imposing those restrictions.

The factual and procedural history of this case is long and convoluted. Plaintiff Medical Supply Chain, Inc. (MSC), brought a legal action against defendants-appellees in the United States District Court for the Western District of Missouri that was then transferred to the United States District Court for the District of Kansas (2005 Case).  Interested Party-Appellant Samuel K. Lipari was MSC's chief executive officer (CEO).  On October 9, 2005, MSC's counsel filed a motion seeking to substitute Mr. Lipari, whom the motion described as the corporation's founder, CEO, and sole stockholder, as plaintiff.  On February 2, 2006, the district court granted MSC's counsel's motion to withdraw and new counsel entered his appearance on February 7, 2006.  On March 7, 2006, the district court entered a memorandum and order dismissing the case, and resolving all issues between the parties.  Among other rulings, this memorandum and order denied MSC's October 9, 2005, motion to substitute plaintiff as moot.  This order was not appealed.

On March 14, 2006, Mr. Lipari filed an entry of appearance and a motion seeking reconsideration, under either Rule 59 or Rule 60, or both, of the district court's March 7 order under his own signature.  The plaintiff for both of these filings was styled:  "Medical Supply Chain, Inc., (Party in interest Samuel K.

Lipari).” R., Docs. 79 & 80.[2]  In his entry of appearance he informed the court

that he had dissolved MSC on January 27, 2006; that under Missouri law he was

the trustee of the dissolved corporation, and that he was representing himself.

Three days later, MSC’s counsel filed a motion for withdrawal and Mr. Lipari

subsequently filed a number of other motions.

On August 7, 2006, the district court entered a memorandum and order

denying MSC’s counsel’s motion to withdraw and striking the motion for

reconsideration and other motions filed by Mr. Lipari.  The district court denied

the motion to withdraw of MSC’s counsel for failing to comply with local court

rules.  The court went on to hold that

> [Under Missouri Law] even though Medical Supply was dissolved,
> its corporate existence continues for purposes of proceeding with this
> litigation.  Medical Supply remains the sole plaintiff in this case.
>
> Moreover Mr. Lipari cannot proceed *pro se* on behalf of
> Medical Supply because a *pro se* individual may not represent a
> corporation.
>
> The court also finds that Mr. Lipari may not substitute himself
> for Medical Supply.  Federal Rule of Civil Procedure 25(c), which
> governs the procedural substitution of a party after a transfer of

---

[2]     We acknowledge that, although discussed by the parties, the documents
filed in the 2005 Case prior to the filing of Mr. Lipari’s February 13, 2008, Rule
60(b) motion are not part of the record in this appeal forwarded by the district
court.  Nonetheless, the parties and the court are all familiar with these filings and
we may take judicial notice of them. *Cf. Van Woudenberg ex rel. Foor v. Gibson*,
211 F.3d 560, 568 (10th Cir. 2000) (observing that “the court is permitted to take
judicial notice of its own files and records, as well as facts which are a matter of
public record” *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946
(10th Cir. 2001).

> interest, states: "In case of any transfer of interest, the action *may* be continued by or against the original party, *unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action.*" Fed. R. Civ. P. 25(c) (emphasis added). As evidence by the plain language of Rule 25(c), the court has discretion to allow Mr. Lipari to substitute. *Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978). The court declines to exercise its discretion, however, because this case has been dismissed, and substitution will not change that outcome.

R., Doc. 104 at 4 (citation omitted) (emphasis in original). On September 8, 2006, MSC's attorney filed a notice of appeal from the district court's August 7, 2006, order on behalf of Mr. Lipari and MSC. This court subsequently ruled the appeal untimely. *See Med. Supply Chain, Inc. v. Neoforma, Inc.*, 508 F.3d 572, 576 (10th Cir. 2007).

On November 28, 2006, Mr. Lipari filed another lawsuit in state court in Missouri against two of the defendants in the present case (2007 Case). *Lipari v. US Bancorp NA*, 524 F. Supp. 2d 1327, 1330 (D. Kan. 2007). He filed the 2007 Case in his personal capacity, alleging he was the assignee of all the rights and interests in MSC. *Id.* On November 16, 2007, following removal to federal court, the federal district court issued a ruling on a motion to dismiss filed by the defendants. In its order the court held that Mr. Lipari had standing to bring his claims as a third party because he asserted that he was the assignee of MSC's legal rights and interests and that, under Missouri law, a dissolved corporation

could assign its legal claims to a third party and that assignee could thereafter sue to recover damages on those claims.[3] *Id.*

On February 13, 2008, Mr. Lipari then filed another motion in the 2005 case, this time specifically under Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff in the motion was styled "Medical Supply Chain, Inc., (Through assignee Samuel K. Lipari) Samuel K. Lipari." R., Doc. 122 at 1. Mr. Lipari asserted he was filing the motion "in his individual capacity and as an assignee of all rights of Medical Supply Chain, Inc. a dissolved Missouri corporation." *Id.* He further claimed that he was seeking relief from the district court's August 7, 2006, ruling that struck his previous motion to reconsider and the other motions filed under his own signature. He argued that the court should reopen the case and reconsider its ruling because the district court's November 15, 2007, ruling in the *2007 Case* (that he could avoid dismissal on the ground of lack of standing because he had made the factual claim that he was the assignee of MSC's claims and interests) "overruled" the court's August 7, 2006, decision in the *2005 Case* that it would decline to exercise its discretion to substitute Mr. Lipari for MSC as plaintiff because the case had been dismissed. *Id.* Mr. Lipari also argued that *Erickson v. Pardus*, 551 U.S. 89 (2007), overruled this court's sufficiency of pleading standard, although he did not specifically state how this argument applied to his case.

---

[3]     Appeals arising from the 2007 Case are also before this court.

On March 31, 2008, the district court struck Mr. Lipari's Rule 60(b) motion, explaining that Mr. Lipari was still neither a plaintiff nor a licensed attorney, and ordered Mr. Lipari to show cause why he should not be sanctioned. Mr. Lipari responded on April 8, 2008, with a single document containing both a Rule 59(e) motion to alter or amend the judgment and an answer to the order to show cause. Therein he argued that the district court committed clear error in its March 31, 2008, order, essentially by misunderstanding his argument. He provided a more detailed argument, (1) asserting that he had made "materially identical arguments supporting *pro se* standing as an assignee of MSC's claims" in both the 2005 Case and the 2007 Case, R., Doc. 128 at 2; (2) assuming that the difference between the court's denial of the motion to dismiss in the 2007 on the basis of his assignee status, and its refusal to allow him to substitute in for MSC as plaintiff after the dismissal in the 2005 case, was the change in 10th Circuit law wrought by *Erickson*, and (3) arguing that such discordant rulings were "exactly the [type of] exceptional or 'extraordinary circumstances' in which a New Trial under Rule 60(b) is appropriate," R., Doc. 128 at 4. He also argued that the district court lacked the power to strike his motions.

On July 8, 2008, the district court entered its order striking the Rule 59(e) portion of Mr. Lipari's April 8 filing and imposing filing restrictions on Mr. Lipari. The court examined Mr. Lipari's claims and held that there was no clear error. In doing so it pointed out the obvious fact that the relevant rulings in

the two cases were not in conflict in that the district court never made a standing determination in the 2005 Case. Instead the court simply declined to exercise its discretion to change the parties based on the fact that the case had been dismissed at that point, a decision that Mr. Lipari did not timely appeal. As to the claim that the district court had no power to strike these various motions, the court held that it clearly had the inherent power to manage its own docket and to strike motions filed by a person who was neither party nor counsel. The district court also entered an order prohibiting Mr. Lipari from submitting future pro se filings in the 2005 Case.

Mr. Lipari appeals the district court's order, entered March 31, 2008, striking his February 13, 2008, Rule 60(b) motion, and its order, entered July 8, 2008, striking his April 8, 2008, Rule 59(e) motion, both holding that he was still not a party or attorney in the case. He argues (1) that the court failed to recognize the change in Tenth Circuit law wrought by *Erickson*, and (2) that the allegedly conflicting ruling in the 2007 Case was sufficient cause to utilize Rule 60(b) to revisit the 2005 Case.

Generally denials of motions under Rule 59(e) or 60(b) are reviewed for abuse of discretion. *See Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (reviewing denial of Rule 60(b) motion for an abuse of discretion), *cert. denied*, 129 S. Ct. 486 (2008); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (reviewing denial of Rule 59(e) motions for an abuse of discretion). But it

is clear that here Mr. Lipari's underlying argument is that the district court did not properly interpret and apply *Erickson* and did not understand that its ruling in the 2007 Case overruled its ruling in the 2005 Case. These are legal questions which are, of course, reviewed de novo. *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006) ("Although either an error of law or an error of fact may constitute an abuse of discretion, we review the district court's findings in these two areas under different standards; we examine the district court's underlying factual findings for clear error, and its legal determinations *de novo*.") (quotation and alteration omitted).

That said, we affirm the district court's decision to not reopen its previous ruling that Mr. Lipari was neither party nor counsel for substantially the reasons set forth in the district court's orders. While there are a number of reasons that the Supreme Court's holding in *Erickson* and the district court's order denying dismissal in the 2007 Case do not provide grounds for relief under Rule 60(b)(5 & 6), there is no need to catalogue all of them here. The district court sufficiently pointed out that its ruling denying dismissal in the 2007 Case was not even analogous to the decision under attack in the 2005 Case. Therefore, Mr. Lipari's bold contention that the different decisions resolved identical arguments, his speculation that *Erickson* was the cause of the differing outcomes, and his argument that this "reversal" constituted grounds for relief under Rule 60(b)(5) or (6), are all erroneous.

Turning to Mr. Lipari's appeal of the court's order sanctioning him by prohibiting him from submitting any further pro se filings in the 2005 Case, we note that "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (quotation omitted). We review a district court's imposition of filing restrictions for an abuse of discretion. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) (per curiam). Mr. Lipari argues the court abused its discretion because he

> could not be sanctioned for relying on [the judge's] own written reversal on the Lipari's [sic] standing to represent his own property interest as the assignee of [MSC's] claims against the same parties on the same nucleus of events or facts. A district court has discretion to revise interlocutory orders prior to entry of final judgment.

Aplt. Opening Br. at 24. Here, (1) the August 7, 2006, order in the 2005 Case was not interlocutory at the time of the court's order denying dismissal in the 2007 Case, and (2) the denial of dismissal in the 2007 Case in no sense "reversed" or "revised" the August 7, 2006, order in the 2005 Case as the two rulings resolved different questions and occurred in different cases. Thus, Mr. Lipari's argument evidences a continued misunderstanding of the law and does not convince us that the district court abused its discretion in requiring Mr. Lipari to act in this case, from this point on, only through counsel.

-10-

The district court's rulings on Mr. Lipari's February 13, 2008, Rule 60(b) motion and his April 8, 2008, Rule 59(e) motion and the district court's imposition of filing restrictions are AFFIRMED. Mr. Lipari's motion to supplement the record is DENIED. The defendants-appellees' motion to dismiss for lack of jurisdiction is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge