**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL K. LIPARI,

　　　　Plaintiff-Appellant,

v.

US BANCORP NA; US BANK, NA,

　　　　Defendants-Appellees.

Nos. 08-3287, 08-3338 & 08-3345
(D.C. No. 2:07-CV-02146-CM-DJW)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**GORSUCH**, Circuit Judge.

---

These consolidated appeals arise out of Samuel Lipari's most recent effort

to recover damages stemming from a failed business relationship with defendants

US Bank NA and US Bancorp NA. His prior effort, culminating in *Med. Supply*

*Chain, Inc. v. Neoforma, Inc.*, 2009 WL 1090070 (10th Cir. 2009) (hereinafter,

the "*Med. Supply Chain* Litigation"), failed, and Mr. Lipari was prohibited from

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

future *pro se* filings in that case. Given the parties' long familiarity with the facts of the case, and having already outlined the essence of the parties' dispute in our prior decision, we dispense with any recitation of the facts. Mr. Lipari challenges the district court's dismissal of his latest lawsuit on jurisdictional and merits grounds. Because he appears before us *pro se*, we review his challenges with solicitude. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). Even so, we conclude that none of his arguments is meritorious.

*Jurisdictional challenges*. Mr. Lipari argues that the district court improperly asserted jurisdiction over this case during times when appeals in the *Med. Supply Chain* Litigation were pending in this court. There is nothing improper about the district court's actions, however. The two lawsuits were distinct cases. The district court could entertain one while we entertained the other. Relatedly, Mr. Lipari asserts the defendants should be estopped from asserting that this case and the *Med. Supply Chain* Litigation are distinct matters because they had previously argued for dismissal of this case under principles of *res judicata*. This argument, however, has been waived because Mr. Lipari did not raise it in the district court, *see Stewart v. U.S. Dept. of Interior*, 554 F.3d 1236, 1245 n. 1 (10th Cir. 2009), and in any event it lacks merit: the district court did not accept the defendants' *res judicata* argument for dismissal, and so the requirements for estoppel are not present, *see Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007). On a different note, Mr. Lipari urges

-2-

us to hold that complete diversity did not exist in the *Med. Supply Chain* Litigation. But, again, that is a different case and any jurisdictional defect that might or might not have existed in that case is of no moment to this lawsuit. Mr. Lipari also argues that the district court violated the "first to file" rule by asserting jurisdiction in this case over matters that were first presented in the *Med. Supply Chain* Litigation. But this rule has no application here. It pertains when two district courts have jurisdiction over the same controversy, affording deference to the first filed lawsuit. It does not pertain to distinct controversies arising seriatim. Finally, we deny Mr. Lipari's motion to have this appeal transferred to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631 because that motion rests wholly on the erroneous premise that the district court in this case lacked jurisdiction to adjudicate.

*Merits challenges*. Mr. Lipari contests the district court's dismissal of two of his claims under Fed. R. Civ. P. Rule 12(b)(6). After careful review, and for substantially the same reasons given by the district court, we affirm. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mr. Lipari's complaint does not meet this standard. Mr. Lipari next asserts that the district court erred by entertaining successive motions to dismiss under Fed. R. Civ. P. Rule 12(b)(6), in violation of Fed. R.

Civ. P. Rule 12(g)(2). But Rule 12(g)(2) specifically provides that a party may file a motion for failure to state a claim under Rule 12(c), and the district court permissibly treated the defendants' second Rule 12(b)(6) motion as though it had been styled under Rule 12(c). *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). Mr. Lipari also argues that the district judge and magistrate judge erred by failing to recuse themselves after he moved for their recusal under 28 U.S.C. § 144. But his only asserted ground for recusal rests on a series of rulings decided against him, and we have long held that "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal quotation marks omitted). We do not reach Mr. Lipari's remaining merits arguments. Two of his challenges are directed at rulings the district court never made. And three are challenges to discovery orders entered by the court, but any such challenge is now moot given that, as a matter of law, Mr. Lipari has no viable claim to pursue.

The judgment of the district court is affirmed, and Mr. Lipari's motion to transfer this appeal under 28 U.S.C. § 1631 is denied.

Entered for the Court

Neil M. Gorsuch
Circuit Judge